UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JUAN CARLOS ALVAREZ ORTEGA,
on behalf of himself and others similarly situated

                Plaintiff,

      v.

BEACON BROADWAY COMPANY, LLC,
BEACON WINE AND SPIRITS, MITCHELL'S
WINE AND LIQUOR STORE, and CHIYOUNG
CHUNG and DOE CHUNG, individually,

                Defendants.
------------------------------------------------------------------x

15-cv-00257 (GBD-HBP)

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS

Stephanie L. Aranyos
Evan B. Citron
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
1745 Broadway, Floor 22
New York, NY  10019
(212) 492-2500

*Attorneys for Defendants Funsan K. Corp.
d/b/a Beacon Wines & Spirits*, *C.Y. New
Corp. d/b/a Mitchell's Wine & Liquor*,
*Chi Young Chung and "Doe Chung"*

**TABLE OF CONTENTS**

I.   PRELIMINARY STATEMENT .......................................................................... 1

II.  STATEMENT OF FACTS.................................................................................. 2

   A.  THE PARTIES ............................................................................................. 2

   B.  ORTEGA FAILS TO ALLEGE THAT MITCHELL'S OR THE INDIVIDUAL DEFENDANTS ARE HIS "EMPLOYER" WITHIN THE MEANING OF THE FLSA OR NYLL .............................. 2

LEGAL ARGUMENT............................................................................................ 3

I.   APPLICABLE RULE 12(B)(6) STANDARD ................................................... 3

II.  PLAINTIFF'S AMENDED COMPLAINT FAILS TO SUFFICIENTLY ALLEGE FACTS WHICH SHOW THAT MITCHELL'S WAS HIS EMPLOYER OR JOINT EMPLOYER. .......................................................... 4

III. PLAINTIFF'S AMENDED COMPLAINT FAILS TO SUFFICIENTLY ALLEGE FACTS WHICH SHOW THAT THE INDIVIDUAL DEFENDANTS WERE HIS EMPLOYER OR WERE JOINT EMPLOYERS ....... 9

IV.  CONCLUSION ................................................................................................ 15

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................................... 3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................................... 3

*Bravo v. Eastpoint Int'l, Inc.*,
    No. 99 Civ. 9474(WK), 2001 WL 314622 (S.D.N.Y. Mar. 30, 2001) .............................. 12, 14

*DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc.*,
    770 F. Supp. 2d 497 (E.D.N.Y. 2011) .................................................................................. 10

*Diaz v. Consortium for Worker Educ., Inc.*,
    No. 10 Civ. 01848 (LAP), 2010 WL 3910280 (S.D.N.Y. Sept. 28, 2010) ..................... 5, 7, 9

*Donovan v. Agnew*,
    712 F.2d 1509 (1st Cir. 1983) ............................................................................................ 9, 10

*Grenawalt v. AT&T Mobility, LLC*,
    937 F.Supp.2d 438 (S.D.N.Y. 2013) ...................................................................................... 8

*Herman v. RSR Sec. Servs., Ltd.*,
    172 F.3d 132 (2d Cir. 1999) ............................................................................................. 4, 10

*Holmes v. Grubman*,
    568 F.3d 329 (2d Cir. 2009) ................................................................................................... 3

*Jean-Louis v. Metropolitan Cable Communications, Inc.*,
    838 F. Supp. 2d 111 (S.D.N.Y. 2011) .................................................................................... 8

*Lans v. Kiska Const. Corp.*,
    No. 96 Civ. 4114 (KMW)(AJP), 1997 WL 313162 (S.D.N.Y. Apr. 18, 1997) ..................... 7

*Lopez v. Acme Am. Envtl. Co., Inc.*,
    No. 12 Civ. 511 (WHP), 2012 WL 6062501 (S.D.N.Y. Dec. 6, 2012) ........................... 4, 5, 6

*Lundy v. Catholic Health Sys. of Long Island, Inc.*,
    711 F.3d 106 (2d Cir. 2013) ................................................................................................... 3

*Nakahata v. N.Y. Presbyterian Healthcare Sys., Inc.*,
    No. 10 Civ. 2661 (PAC), 2011 WL 321186 (S.D.N.Y. Jan. 28, 2011) .................................. 7

*Nakahata v. New York-Presbyterian Healthcare Sys.*,
   723 F.3d 192 (2d Cir. 2013)..................................................................................................3

*Paz v. Piedra*,
   No. 09 Civ. 03977 (LAK)(GWG), 2012 WL 121103 (S.D.N.Y. Jan. 12, 2012)...................5, 6

*Pazos v. Le Bernardin Inc.*,
   11 cv 8360 (S.D.N.Y. Apr. 27, 2012).....................................................................................12

*Sampson v. MediSys Health Network, Inc.*,
   No. 10 CV 1342 (SJF)(ARL), 2012 WL 3027838 (E.D.N.Y. July 24, 2012) ..........................5

*Tracy v. NVR, Inc.*,
   667 F.Supp.2d 244 (W.D.N.Y. 2009).....................................................................................12

*Tracy v. NVR, Inc.*,
   No. 04-CV-6451L, 2009 WL 31513150 (W.D.N.Y. Sept. 30, 2009)......................................12

*Wolman v. Catholic Health Sys. of Long Island, Inc.*,
   853 F. Supp. 2d 290 (E.D.N.Y. 2012) .............................................................................. *passim*

*Wolman v. Catholic Health Sys. of Long Island*,
   No. 10-CV-1326, 2011 WL 1741905 (E.D.N.Y. May 5, 2011) ................................................7

*Xue Lian Lin v. Comprehensive Health Mgmt., Inc.*,
   No. 08 Civ. 6519 (PKC), 2009 WL 976835 (S.D.N.Y. Apr. 9, 2009) ...............................11, 13

*Yang v. ACBL Corp.*,
   427 F.Supp. 2d 327 (S.D.N.Y. 2005).....................................................................................12

*Zheng v. Liberty Apparel Co.*,
   355 F.3d 61 (2d Cir. 2003)............................................................................................4, 8, 9

**Statutes**

29 U.S.C. § 201, *et seq.*.....................................................................................................................1

29 U.S.C. § 203(d) ............................................................................................................................4

Fair Labor Standards Act of 1938........................................................................................ *passim*

New York Labor Laws............................................................................................................ *passim*

NYLL § 190(3) ..................................................................................................................................4

**Other Authorities**

Fed. R. Civ P. 12(b)(6)...............................................................................................................1, 3, 12

Defendants C.Y. New Corp. d/b/a Mitchell's Wine & Liquor (incorrectly named herein as Mitchell's Wine & Liquor Store) ("Corporate Defendant" or "Mitchell's"), Chi Young Chung and "Doe Chung" (collectively "Individual Defendants") respectfully submit this memorandum of law in support of their Fed. R. Civ P. 12(b)(6) partial motion to dismiss Plaintiff Juan Carlos Alvarez Ortega's ("Plaintiff" or "Ortega's") Amended Complaint ("Amended Complaint"). For the reasons set forth below, the Court should dismiss this lawsuit as against Defendant Mitchell's and the Individual Defendants on the basis that the Amended Complaint fails to contain sufficient factual allegations to state a claim for relief that is plausible on its face under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") or New York Labor Laws ("NYLL").

## I.     PRELIMINARY STATEMENT

Ortega filed this putative collective action against his former employer Funsan K. Corp. d/b/a Beacon Wines & Spirits (not a party to this motion) ("Beacon Wines")[1] and various related persons and entities, claiming that he and other employees were required to work overtime without compensation, and were not provided with wage statements or wage notices. In his Amended Complaint, however, Ortega has not alleged any facts supporting the assertions that Mitchell's or the Individual Defendants were responsible for the alleged pay practices or were his "employer" within the meaning of the FLSA or NYLL. Instead, the Amended Complaint merely parrots the elements of the applicable legal standards and asserts in boilerplate fashion

---

[1] Defendant Funsan K. Corp. d/b/a Beacon Wines & Spirits was at all times Plaintiff's "employer" within the meaning of the FLSA and NYLL and is not a party to this Motion to Dismiss. Defendant Beacon Wines has filed an Answer and Affirmative Defenses. Furthermore, Broadway Beacon Company LLC is an entity unknown to any Defendants. (Declaration of Chi Young Chung, sworn to on April 14, 2015 ("Chung Dec.") at ¶6.)

that "Defendants" violated such standards. That is insufficient to state a claim against Mitchell's and/or the Individual Defendants.

Aside from asserting a claim against Plaintiff's actual employer, Beacon Wines, Plaintiff's allegations are entirely insufficient to state a valid cause of action against the Individual Defendants or Mitchell's. Indeed, Plaintiff admits that he only performed services at the liquor store doing business as Beacon Wines & Spirits. Plaintiff does not allege facts to support a claim that he was jointly employed by the other Corporate Defendant. Additionally, Plaintiff fails to allege any facts - aside from boilerplate conclusory statements - that suggest that the Individual Defendants maintained control over his employment. Therefore, his allegations against Mitchell's and the Individual Defendants must be dismissed in their entirety.

## II. STATEMENT OF FACTS

### A. The Parties

Defendant Beacon Wines is a liquor store located at 2120 Broadway, New York, New York. (Compl. ¶19.) Chu Han Chung is the sole owner of Defendant Beacon Wines. (Chung Dec. at ¶¶3-4 and Ex. B.) Defendant Mitchell's is a New York corporation, with its principal place of business, a liquor store, located at 200 West 86th Street, New York, New York. (Compl. ¶22; Chung Dec. ¶2 and Ex. A.) Chi Young Chung is the sole owner of Mitchell's. (Chung Dec. ¶1.) "Doe Chung" is married to Chi Young Chung. (Chung Dec. ¶5.)

Plaintiff is a former cashier hired by Beacon Wines to perform services at its only location 2120 Broadway, New York. (Compl. ¶¶35-36.)

### B. Ortega Fails to Allege That Mitchell's or the Individual Defendants are His "Employer" Within the Meaning of the FLSA or NYLL

Ortega, through conclusory statements, alleges that "Defendants Chiyoung Chung and Doe Chung operate Beacon Broadway LLC, Defendant Mitchell's Wine and Liquor Store and

2

Defendant Beacon Wines and Spirits as a single integrated enterprise." (Compl. ¶13.) And that "Defendants jointly employed Plaintiff and similarly situated employees at all times relevant." (Compl. ¶14.)

Ortega does not, however, allege the type or degree of control necessary to establish that he had an employment relationship with Mitchell's and/or the Individual Defendants. Rather, Plaintiff further admits that he only worked at "Beacon Wines" located at "2120 Broadway, New York, New York." (Compl. ¶¶19, 36.)

## LEGAL ARGUMENT

### I.   APPLICABLE RULE 12(b)(6) STANDARD

In considering a motion to dismiss pursuant to Rule 12(b)(6), a court should accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009). However, there is a critical distinction between factual allegations and bald assertions or legal conclusions. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining plausibility is a context specific endeavor that requires the court to draw upon its experience and common sense. *Nakahata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192, 197 (2d Cir. 2013) (citations omitted). To be plausible, the complaint must evidence more than a mere possibility of a right to relief. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556. Most notably, the Second Circuit recently reiterated that these rigorous standards apply equally in the context of claims brought under the FLSA and NYLL. *Lundy v. Catholic*

3

*Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). Applying these standards to the present case, it is clear that the Court should dismiss the Amended Complaint.

## II. PLAINTIFF'S AMENDED COMPLAINT FAILS TO SUFFICIENTLY ALLEGE FACTS WHICH SHOW THAT MITCHELL'S WAS HIS EMPLOYER OR JOINT EMPLOYER.

Plaintiff's Amended Complaint must be dismissed against all Defendants aside from Beacon Wines. To be held liable under the FLSA and/or the NYLL, a person or entity must be deemed an "employer." 29 U.S.C. § 203(d); NYLL § 190(3). Pursuant to both the FLSA and NYLL, "the overarching concern is whether the alleged employer possessed the power to control the workers in question...with an eye to the 'economic reality' presented by the facts of each case." *Herman v. RSR Sec. Servs., Ltd.,* 172 F.3d 132, 139 (2d Cir. 1999) (citation omitted); *see also Lopez v. Acme Am. Envtl. Co., Inc.,* No. 12 Civ. 511 (WHP), 2012 WL 6062501, at *3 (S.D.N.Y. Dec. 6, 2012). The economic reality test generally considers four relevant factors: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled the employee work schedules or schedules of employment, (3) determined the rate and method of payment; and (4) maintained employment records." *Herman,* 172 F.3d at 139 (quoting *Carter v. Dutchess Cmty. Coll.,* 735 F.2d 8, 12 (2d Cir. 1984)). An entity need not possess "formal control over a worker to qualify as an employer, so long as that entity exercises "functional control" over the worker in question. *Zheng v. Liberty Apparel Co.,* 355 F.3d 61, 72 (2d Cir. 2003).

With respect to joint employer liability, New York courts have repeatedly recognized that "companies that are part of an 'integrated enterprise' or 'engaged in a joint venture' may nevertheless employ separate people and, absent control, are not liable for the separate employees of joint ventures." *Lopez,* 2012 WL 6062501 at *4 (citing *Cannon v. Douglas*

*Elliman, LLC,* No. 06 Civ. 7092 (NRB), 2007 WL 4358456, at *4 n.3 (S.D.N.Y. Dec. 10, 2007)); *see also, e.g.*, *Wolman v. Catholic Health Sys. of Long Island, Inc.,* 853 F. Supp. 2d 290, 298 (E.D.N.Y. 2012) (holding that allegations "while perhaps establish[] some general commonalities between Defendants" do not establish control such that joint employment is adequately plead); *Sampson v. MediSys Health Network, Inc.,* No. 10 CV 1342 (SJF)(ARL), 2012 WL 3027838, at *5 (E.D.N.Y. July 24, 2012); *Diaz v. Consortium for Worker Educ., Inc.,* No. 10 Civ. 01848 (LAP), 2010 WL 3910280, at *3-4 (S.D.N.Y. Sept. 28, 2010). Moreover, "the mere fact that each [c]orporate [d]efendant is owned in whole or major part by the same persons simply does not permit [the] [c]ourt to disregard their distinct legal statuses." *Paz v. Piedra,* No. 09 Civ. 03977 (LAK)(GWG), 2012 WL 121103, at *8 (S.D.N.Y. Jan. 12, 2012) (citations omitted).

The "fundamental question" is whether each defendant had the ability to control the plaintiff's employment. *See Lopez*, 2012 WL 6062501 at *4 ("Allegations of common ownership and common purpose, without more, do not answer the fundamental question of whether each corporate entity controlled Plaintiffs as employees.") (citation omitted); *Sampson*, 2012 WL 3027838 at *4 (dismissing FLSA claims against those defendants which plaintiffs failed to allege "had any direct role in hiring or firing the plaintiffs . . . supervised or controlled their work schedules . . . [or] had any direct role in controlling the plaintiffs' conditions of employment or determining their rate and method of payment"); *Diaz*, 2010 WL 3910280 at *4 (dismissing FLSA claims against defendants because "[t]he complaint contains no facts that indicate that [the defendant] had any direct role in managing the plaintiffs, hiring or firing the plaintiffs, determining their working hours, or maintaining employment records" to demonstrate that defendants were plaintiffs' employer).

In *Paz*, for example, the Court explicitly rejected the theory that four corporate defendants which each separately managed a restaurant location could be held liable as joint employers for each other's FLSA and NYLL violations affecting the plaintiffs and class members. 2012 WL 121103 at *8. Similarly, in *Lopez*, the plaintiffs sought unpaid overtime wages from several corporate defendants pursuant to the FLSA and NYLL. The Court held that "[a]lthough they allege an 'integrated enterprise,' Plaintiffs cannot escape their obligation under the FLSA to allege a relationship of control between the Corporate Moving Defendants and themselves" and dismissed the complaint against those defendants. 2012 WL 6062501 at *4.

Similarly, here, just like in *Lopez*, Plaintiff's allegations that Beacon Wines was operating as part of a single enterprise with the other Corporate Defendants (Compl. ¶13) are insufficient to show that all of the Corporate Defendants acted as Plaintiff's joint employer. In fact, Plaintiff's only allegations regarding Mitchell's alleged control over his employment are entirely boilerplate. Specifically, Plaintiff alleges that:

- Defendant Chiyoung Chung is a person engaged in business in New York County, who is sued individually in his capacity as an owner, officer and/or agent of Beacon Broadway Company, LLC, Defendant Mitchell's Wine and Liquor store and Defendant Beacon Wines and Spirits. Along with his wife, Defendant Doe Chung, Chiyoung Chung exercised sufficient control over Beacon Broadway LLC, Defendant Mitchell's Wine and Liquor Store and Defendant Beacon Wines and Spirits to be considered the Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Defendant Beacon Broadway LLC, Defendant Mitchell's Wine and Liquor Store and Defendant Beacon Wines and Spirits.

- Defendant Doe Chung is a person engaged in business in New York County, who is sued individually in her capacity as an owner, officer and/or agent of Beacon Broadway Company, LLC, Defendant Mitchell's Wine and Liquor store and Defendant Beacon Wines and Spirits. Along with her husband, Chiyoung Chung, Defendant Doe Chung, exercised sufficient control over Beacon Broadway LLC, Defendant Mitchell's Wine and Liquor Store and Defendant Beacon Wines and Spirits to be considered the Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire employees

- and established and maintained policies regarding the pay practices at Defendant Beacon Broadway LLC, Defendant Mitchell's Wine and Liquor Store and Defendant Beacon Wines and Spirits.

- Defendants Chiyoung Chung and Doe Chung operate Beacon Broadway LLC, Defendant Mitchell's Wine and Liquor Store and Defendant Beacon Wines and Spirits as a single integrated enterprise. Specifically, Beacon Broadway LLC, Defendant Mitchell's Wine and Liquor Store and Defendant Beacon Wines and Spirits are engaged in related activities and have a common business purpose.

- Each Defendant has had substantial control over Plaintiff and similarly situated employees' working conditions and practices alleged herein.

(Compl. ¶¶11-13, 15.) Even if taken as true, these generic allegations - most of which are inaccurate - are insufficient to survive a motion to dismiss.

Moreover, simply stating that the Corporate Defendants jointly managed the entities that employed Plaintiff, without *any* factual detail or basis to support that assertion from the personal knowledge of Plaintiff, fails to meet the pleading standard under *Igbal* and *Twombly*. The "*Iqbal/Twombly* plausibility standard requires, at a minimum, factual allegations . . . which reflect the *Plaintiffs' own personal experiences." Wolman v. Catholic Health Sys. of Long Island,* No. 10-CV-1326, 2011 WL 1741905 at \*3 (E.D.N.Y. May 5, 2011) (emphasis added). A complaint which contains no more than mere boilerplate assertions of various legal conclusions cannot survive a motion to dismiss. *See Nakahata v. N.Y. Presbyterian Healthcare Sys., Inc.,* No. 10 Civ. 2661 (PAC), 2011 WL 321186, at \*6 (S.D.N.Y. Jan. 28, 2011) *aff'd* 723 F.3d 192 (2d Cir. 2013) ("The generality of a boilerplate is at war with the requirement that sufficient facts be alleged to make the claim plausible."); *see also Diaz,* 2010 WL 3910280 at \*4 (S.D.N.Y. Sept. 28, 2010) (finding that five boilerplate paragraphs in a complaint asserting that plaintiffs' conditions of employment were controlled by defendant were too minimal to survive a motion to dismiss); *Lans v. Kiska Const. Corp.,* No. 96 Civ. 4114 (KMW)(AJP), 1997 WL 313162, at \*5

(S.D.N.Y. Apr. 18, 1997) (dismissing entity as plaintiffs "employer" where she failed to assert any "facts supporting the employment relationship" and merely set forth "in conclusory terms that the [defendant] is her 'employer' ").

Plaintiff's claim that each of the Corporate Defendants constituted Plaintiff's employer do not contain the individual factual allegations necessary to survive a motion to dismiss. *See Wolman,* 2011 WL 1741905 at *2-4. Specifically, Plaintiff admits that he worked only at Beacon Wines. (Compl. ¶36.) There is no allegation in the Amended Complaint that Mitchell's had the authority to hire or fire Plaintiff or *determined* Plaintiff's pay rate. *Grenawalt v. AT&T Mobility, LLC*, 937 F.Supp.2d 438, 451 (S.D.N.Y. 2013) ("the test is whether a putative joint employer determines pay rates, not whether it affects them") (citation omitted); *Jean-Louis v. Metropolitan Cable Communications, Inc.*, 838 F. Supp. 2d 111, 129-30 (S.D.N.Y. 2011) (citing same test). [2] Nowhere in the Amended Complaint does Plaintiff allege any direct or even indirect knowledge regarding the specific control exercised over his employment by any Corporate Defendant other than Beacon Wines. In fact, although Plaintiff purports to bring this action on behalf of the "cashiers" at two different stores – Beacon Wines and Mitchell's - Plaintiff does not allege (because he cannot allege) any personal knowledge whatsoever regarding the employment practices at Mitchell's. Specifically, Plaintiff does not provide a single fact regarding the

---

[2] In the absence of the right to hire and fire, the Second Circuit also applies the following "*Zheng* factors" for joint employer inquiries: (1) whether the premises and equipment of the purported joint employer are used for the plaintiffs' work; (2) whether the contractors had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a discrete line-job that was integral to the process of production for the purported joint employer; (4) whether responsibility under the contracts could pass from one subcontract to another without material changes; (5) the degree to which the purported joint employer or its agents supervised the plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominately for the purported [joint employer]. *Zheng*, 355 F.3d at 72. Plaintiff fails to allege facts in support of any of these *Zheng* factors in the Amended Complaint.

payment of wages at Mitchell's or pay practices at Mitchell's. Because of the legal deficiencies in Plaintiff's joint employment allegations against Mitchell's, Mitchell's should be dismissed from this action.[3]

### III. PLAINTIFF'S AMENDED COMPLAINT FAILS TO SUFFICIENTLY ALLEGE FACTS WHICH SHOW THAT THE INDIVIDUAL DEFENDANTS WERE HIS EMPLOYER OR WERE JOINT EMPLOYERS

Plaintiff's claims against the Individual Defendants are likewise insufficient to survive a motion to dismiss. Even accepting Plaintiff's allegations as true, the Amended Complaint fails to state a cause of action that would allow for individual liability where there are no allegations to indicate that the Individual Defendants "had any direct role in managing the plaintiffs, hiring or firing the plaintiffs, determining their working hours, or maintaining employment records," as required under the "economic reality" test. *Diaz,* 2010 WL 3910280, at *4 (dismissing plaintiffs' complaint for failure to state a cause of action under FLSA where employer did not exercise sufficient control over employees to satisfy the economic reality test).

Congress did not "intend[] that any corporate officer or other employee with ultimate operational control over payroll matters be personally liable for the corporation's failure to pay minimum and overtime wages as required by the FLSA." *Donovan v. Agnew,* 712 F.2d 1509, 1513 (1st Cir. 1983) ("We agree that it should not lightly be inferred that Congress intended to

---

[3] In the absence of the right to hire and fire, the Second Circuit also applies the following "*Zheng* factors" for joint employer inquiries: (1) whether the premises and equipment of the purported joint employer are used for the plaintiffs' work; (2) whether the contractors had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a discrete line-job that was integral to the process of production for the purported joint employer; (4) whether responsibility under the contracts could pass from one subcontract to another without material changes; (5) the degree to which the purported joint employer or its agents supervised the plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominately for the purported joint employer. *Zheng, ,* 355 F.3d at 72. Plaintiff fails to allege facts in support of any of these *Zheng* factors in the Amended Complaint.

9

disregard in this context the shield from personal liability which is one of the major purposes of doing business in a corporate form.") *Id.* For this reason, the FLSA only imposes personal liability where the individual defendant exhibits actual, operational control over the workers in question. Therefore, to achieve the FLSA objectives of holding employers liable for failure to pay wages without eviscerating the corporate form, the Second Circuit has adopted the "economic reality" test, which examines the specific relationship between the employees and the individual said to be the "employer." *See Herman,* 172 F.3d at 139. As noted *supra* at Section II, the "overarching concern" of the test is "whether the alleged employer possessed the power to control the workers in question" – not in a general or abstract sense, but "with an eye to the 'economic reality' presented by the facts of each case." *Id.* [4](citation omitted)

In support of his claims against the Individual Defendants, Plaintiff, without any other factual support, alleges that:

- Defendant Chiyoung Chung is a person engaged in business in New York County, who is sued individually in his capacity as an owner, officer and/or agent of Beacon Broadway Company, LLC, Defendant Mitchell's Wine and Liquor store and Defendant Beacon Wines and Spirits. Along with his wife, Defendant Doe Chung, Chiyoung Chung exercised sufficient control over Beacon Broadway LLC, Defendant Mitchell's Wine and Liquor Store and Defendant Beacon Wines and Spirits to be considered the Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Defendant Beacon Broadway LLC, Defendant Mitchell's Wine and Liquor Store and Defendant Beacon Wines and Spirits.

- Defendant Doe Chung is a person engaged in business in New York County, who is sued individually in her capacity as an owner, officer and/or agent of Beacon Broadway Company, LLC, Defendant Mitchell's Wine and Liquor store and Defendant Beacon Wines and Spirits. Along with her husband, Chiyoung Chung, Defendant Doe Chung, exercised sufficient control over Beacon Broadway LLC, Defendant Mitchell's Wine and Liquor Store and Defendant Beacon Wines and

---

[4] The test for individual liability under the FLSA and NYLL is the same. *DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 510 n.5 (E.D.N.Y. 2011).

> Spirits to be considered the Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Defendant Beacon Broadway LLC, Defendant Mitchell's Wine and Liquor Store and Defendant Beacon Wines and Spirits.

(See Comp1. ¶¶11, 12.) Apart from these statements, Plaintiff makes the balance of his conclusory allegations against "Defendants." Indeed, several of the key factual allegations are stated in the passive voice, with no indication as to which, if any, of the named Defendants were allegedly responsible for the acts or omissions. (*E.g.,* Compl., ¶41 ("…each week Defendants paid Plaintiff…); *Id.* ¶47 ("Plaintiff was only paid at straight time for all work performed after 40 hours."); *Id.* ¶50 ("Beginning in 2011, Defendants paid Plaintiff $620 a week.").)  Thus, no reasonable inference could be drawn that either of the Individual Defendants in particular was responsible for *any* of the allegations in the Amended Complaint.

These conclusory statements indisputably qualify as "mere boilerplate" allegations insufficient to properly plead a cause of action. This inadequate pleading is a poor substitute for properly pled allegations that the Individual Defendants are "employers" within the meaning of the FLSA or NYLL, a prerequisite for proceeding against the Individual Defendants on such a theory under either statute. *See Xue Lian Lin v. Comprehensive Health Mgmt., Inc.,* No. 08 Civ. 6519 (PKC), 2009 WL 976835, at *2 (S.D.N.Y. Apr. 9, 2009).

Courts applying the "economic reality" test have found that, "[g]enerally, corporate officers and owners held to be employers under the FLSA have had some direct contact with the plaintiff employee, such as personally supervising the employee's work, determining the employee's day-to-day work schedule or tasks, signing the employee's paycheck or directly

hiring the employee." *Tracy v. NVR, Inc.*, No. 04-CV-6451L, 2009 WL 31513150, at *4 (W.D.N.Y. Sept. 30, 2009).[5]

Courts have routinely dismissed putative "employers" from FLSA cases under comparable circumstances. *E.g., Wolman*, 853 F. Supp.2d at 299-300 (failure to allege direct contact between plaintiffs and individual defendant, combined with boilerplate allegations of operational control, warranted dismissal of individual defendant under Rule 12(b)(6)); *Tracy v. NVR, Inc.*, 667 F.Supp.2d 244, 247 (W.D.N.Y. 2009) (dismissing individual defendant where pleadings contained "mere boilerplate allegations that an individual meets the various prongs of the economic reality test stated solely upon information and belief and without any supporting details"); *Bravo v. Eastpoint Int'l, Inc.*, No. 99 Civ. 9474(WK), 2001 WL 314622 at *2 (S.D.N.Y. Mar. 30, 2001) (rejecting claim that business owner is an FLSA "employer" merely by virtue of having a right to control the organization generally). In *Pazos v. Le Bernardin Inc.*, 11 cv 8360 (S.D.N.Y. Apr. 27, 2012), Judge Sullivan dismissed claims under the FLSA and NYLL against two individually-named restaurant owners after concluding the plaintiffs failed to sufficiently allege facts to satisfy the economic realities test. In granting the defendants' motion to dismiss, the court ruled that, other than a conclusory reference to the individual defendants' "power to hire and fire" employees, there were "really no facts ... indicat[ing] the degree or the amount of interaction or control that the individual defendants have over [the] individual plaintiffs."

---

[5] The Southern District of New York has previously held that the analysis of "employer" status under the NYLL is the same as that under the FLSA. *See. e.g. Yang v. ACBL Corp.,* 427 F.Supp. 2d 327, 342 n.25 (S.D.N.Y. 2005). As a result, the instant analysis applies equally to claims under both statutes, in turn subjecting Plaintiffs' claims under both to FLSA and NYLL to dismissal.

Further, in *Lian Lin*, Judge Castel found similar allegations to the present case inadequate to nudge a complaint past a motion to dismiss. Employees of Comprehensive Health Management, Inc. ("CMHI") sued CMHI as well as various individual employees of CHMI, all as "employers" pursuant to the FLSA. *Id.* at *2. The *Lian Lin* Court noted the complaint did not sufficiently allege the degree of control by each individual defendant over the "plaintiffs' hours, wages, or other terms and conditions of employment" to characterize them as "employers" pursuant to the FLSA. *Id.*

Similarly, in *Wolman*, the court applied the economic realities test to an individually-named defendant and concluded that the plaintiffs failed to assert that he "exercised sufficient control over [them] to be considered their employer." 853 F. Supp.2d at 299. In its assessment, the court focused on the following allegations regarding the individually-named defendant:

> (1) he is the President, CEO, and Director of CHS....; (2) his responsibilities include 'actively managing [CHS]...,' `mak[ing] decisions regarding benefits for the staff...,' and `mak[ing] decisions that concern defendants' operations and significant functions, including functions related to employment, human resources, training and payroll...;' and (3) he was 'involved in creating and/or implementing of the [sic] illegal policies complained of in this case....'

*Id.* While the *Wolman* Court noted that the complaint did assert that the individually-named defendant had "at least some control over the [p]laintiffs' 'method of payment' because he was involved in creating and implementing [a pay] policy," the Court nevertheless ruled that "the 'economic reality,' considering the totality of the circumstances, [was] that [the individually-named defendant] did not `possess[] the power to control the workers in question.'" *Id.* (citation omitted) In dismissing the plaintiffs' claims against the individually-named defendant, the court ruled that the plaintiffs' complaint was devoid of any facts that *he* ever had contact with the lead plaintiffs or "operational control" over the employing entity. *Id.*

13

In the present case, the Amended Complaint is likewise devoid of the elements of the economic reality test and does not assert any factual allegations that suggest that the Individual Defendants controlled Plaintiff's employment. Instead, the Amended Complaint merely parrots the applicable legal standard which is insufficient to satisfy the economic reality test. Notably, any specific factual details relating to the economic realities test are glaringly absent from the Amended Complaint despite being "wholly within [plaintiffs] possession." *Wolman,* 2011 WL 1741905 at *3. Additionally, the Complaint fails to include *any* allegation that the Individual Defendants had any specific involvement in *Plaintiff's* employment-related affairs. For example, the Amended Complaint does not allege that the Individual Defendants hired or fired Plaintiff, set his schedule, maintained his employment records or otherwise maintained control over his employment. If Plaintiff cannot allege with any factual specificity that the Individual Defendants have engaged in any of the above acts, then Plaintiff's cursory pleading should not be a substitute for the factual content necessary to withstand dismissal.

As a result, in order to state a cause of action under the FLSA, an employee must be able to allege facts demonstrating such control existed. If the employee has not alleged such facts, or alleges such facts in a conclusory fashion, the claim is subject to dismissal. *See, e.g., Bravo,* 2001 WL 314622, at *2 (granting motion to dismiss where allegation that individual was "the principle [sic] owner and chairperson" of corporate defendant did not "establish her power to control the plaintiff workers."). In sum, Plaintiff fails to plead any meaningful factual matter that the Individual Defendants are "employers" within the meaning of the NYLL or FLSA and can be held individually liable. Thus, the Amended Complaint should be dismissed against the Individual Defendants.

## IV.  CONCLUSION

For the foregoing reasons, Corporate Defendant Mitchell's and the Individual Defendants respectfully submit that this Court should dismiss, with prejudice, Plaintiff's Amended Complaint in its entirety against Corporate Defendant Mitchell's and the Individual Defendants.

Dated: New York, New York
April 15, 2015

> Respectfully submitted,
>
> OGLETREE, DEAKINS, NASH,
>  SMOAK & STEWART, P.C.
>
> By  /s/ Stephanie L. Aranyos
>     Stephanie L. Aranyos
>     Evan B. Citron
> 1745 Broadway, Floor 22
> New York, New York 10019
> (212) 492-2500
>
> *Attorneys for Defendants Funsan K. Corp. d/b/a Beacon Wines & Spirits*, *C.Y. New Corp. d/b/a Mitchell's Wine & Liquor*, *Chi Young Chung and "Doe Chung"*